Filed 11/21/13  P. v. Pitts CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KARLA DRU PITTS,<br><br>    Defendant and Appellant. | F065480<br><br>(Super. Ct. No. MCR042109)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Jeffrey S. Tauber, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Caely E. Fallini, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Cornell, Acting P.J., Poochigian, J. and Franson, J.

## FACTUAL AND PROCEDURAL SUMMARY

The sole count of the information charged defendant Karla Dru Pitts with felony possession of a controlled substance, in violation of Health and Safety Code section 11377, subdivision (a).

On the date in question, officers served a search warrant on the residence in which Pitts lived. Officer Shant Sheklanian first observed Pitts exiting a bedroom. Pitts's infant grandson was with her at the time, but no one else. Pitts admitted she occupied the bedroom, along with her daughter and a third individual.

When Sheklanian searched this bedroom, he located a purse on top of a dresser. Inside the purse was an identification card and driver's license for Pitts. Also located inside the purse was a brown coin pouch. Inside the coin pouch Sheklanian found a plastic bag containing what appeared to be methamphetamine. Sheklanian opined the substance in the plastic bag was methamphetamine and was a usable amount.

Maria Woodcock, a criminalist with the California Department of Justice, examined the evidence obtained during the search. Inside the plastic bag she observed a small amount of white crystalline material. The bag contained 0.01 grams of substance. She tested a small amount of the material and determined it contained methamphetamine.

The defense rested without calling any witnesses. The defense argued during closing argument that the substance found was not a usable amount within the meaning of the law and asserted there was insufficient evidence that his client possessed the substance.

Pitts was convicted and sentenced to three years' probation.

## DISCUSSION

Pitts argues the trial court erred in instructing the jury on the principles of circumstantial evidence. The trial court instructed the jury with CALCRIM No. 223, which defines direct and circumstantial evidence as "evidence [that] does not directly prove the fact to be decided, but is evidence of another fact or group of facts from which

2.

you may logically and reasonably conclude the truth of the fact in question." The instruction informed the jury that direct or circumstantial evidence was sufficient to support the elements of a charge.

The trial court also instructed the jury with CALCRIM No. 225, which is a tailored instruction about the use of circumstantial evidence to determine a defendant's mental state.[1] Pitts alleges, and the People concede, the trial court erred because it should have instructed the jury with CALCRIM No. 224, which instructs the jury about the following limitations on the use of circumstantial evidence: (1) before the jury can conclude circumstantial evidence proves an element of the crime, the People must prove each fact essential to that conclusion beyond a reasonable doubt, and (2) before the jury can rely on circumstantial evidence to find the defendant guilty, it "must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty," and if there is a reasonable conclusion that suggests the defendant is innocent, the jury must find the defendant not guilty. CALCRIM No. 225 contains the same limiting language, but only in the context of mental state.

In *People v. Rogers* (2006) 39 Cal.4th 826 (*Rogers*), the Supreme Court concluded that where the prosecution relies on circumstantial evidence to prove more than mental state or intent, failure to give CALCRIM No. 224 is error.[2] (*Rogers,* at p. 885.)

Here, the prosecution relied on circumstantial evidence to prove Pitts possessed the methamphetamine. The methamphetamine was found in a coin purse located inside a purse. The prosecution relied on the fact the purse was found in a bedroom occupied by Pitts, as well as two pieces of her identification being found in the purse. Because the

---

[1]This instruction discusses both intent and mental state, but as modified in this case referred only to mental state.

[2]*Rogers* specifically dealt with CALJIC Nos. 2.01 and 2.02. These two instructions are the same as CALCRIM Nos. 224 and 225 in all relevant particulars.

3.

prosecution sought to prove possession as well as mental state with circumstantial evidence, the trial court erred in failing to give CALCRIM No. 224.

An error in instructing the jury will result in a reversal of the judgment only if the error resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13; see also *Rogers, supra,* 39 Cal.4th at p. 885.) A miscarriage of justice occurs where it appears reasonably probable that the defendant would have achieved a more favorable result had the error not occurred. (*People v. Breverman* (1998) 19 Cal.4th 142, 149.)

We conclude it is not reasonably probable the jury would have concluded Pitts did not possess the methamphetamine had it been instructed with CALCRIM No. 224. The only evidence on which defense counsel relied to argue Pitts did not possess the methamphetamine was that the room also was occupied by her boyfriend (periodically) and her daughter. There was no explanation for the presence of her identification in the purse, or why anyone would hide such a small amount of methamphetamine in a coin purse inside another purse instead of hiding it elsewhere. The only reasonable inference that can be drawn from these facts is that the methamphetamine was possessed by Pitts.

## DISPOSITION

The judgment is affirmed.